02-11-282-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00282-CR

 

 


 
 
 Mae L. Francis 
 a/k/a May L. Francis
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          On
July 1, 2011, as part of a plea bargain agreement, Appellant Mae L. Francis
a/k/a May L. Francis pleaded guilty to prostitution, and the trial court
sentenced her to six months’ confinement in state jail.  Also on July 1, 2011,
the trial court certified that this is a plea bargain case, that Appellant has
no right to appeal, and that Appellant has waived the right to appeal.  On July
11, 2011, Appellant filed a notice of appeal.  On July 12, 2011, we notified
Appellant’s counsel that the trial court’s certification, which indicates that
Appellant has no right to appeal and that Appellant has waived her right to
appeal, had been filed in this court, and that this appeal could be dismissed
unless Appellant or any party desiring to continue the appeal filed a response
showing grounds for continuing the appeal on or before July 22, 2011.  See
Tex. R. App. P. 25.2(d), 44.3.  To date, we have
received no response showing any grounds for continuing the appeal.  On July
29, 2011, Appellant’s counsel filed a motion to withdraw.

          Rule 25.2(a)(2)
limits the right of appeal in a plea-bargain case to matters that were raised
by written motion filed and ruled on before trial or to cases in which the
appellant obtained the trial court’s permission to appeal.  Tex. R. App. P. 25.2(a)(2). 
The trial court’s certification denied permission to appeal, but Appellant’s
notice of appeal asserts that the matters to be addressed in her appeal were
raised by written motion and ruled on before trial.  However, the court of
criminal appeals has held that a valid waiver of appeal will prevent a
defendant from appealing without the consent of the trial court.  Monreal v.
State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).  The record shows that
Appellant and her counsel signed a “Written Waiver of Defendant – Joined by
Attorney” which stated, “I give up and waive any and all rights of appeal in
this case.”  Because Appellant has waived her right to appeal and no one has
responded to our July 12, 2011 letter requesting grounds for continuing the
appeal, we dismiss this appeal.  See Tex. R. App. P. 25.2(d), 43.2(f).  Because
of our disposition of this appeal, counsel’s motion to withdraw is denied.  See
Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2010); Tex. R. App. P.
48.4.

          

PER CURIAM

 

PANEL: 
GABRIEL, J.; LIVINGSTON,
C.J.; and DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 15,
2011









[1]See Tex. R. App. P. 47.4.